IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| ROLAND RAY, | : | |
| | : | |
| Petitioner, | : | |
| | : | |
| v. | : | Case No. 5:24-cv-447-TES-AGH |
| | : | |
| Warden VICTORIA STEWART, | : | |
| | : | |
| Respondent. | : | |

**ORDER**

*Pro se* Petitioner Roland Ray, a prisoner at Washington State Prison in Davisboro, Georgia, filed an application for federal habeas corpus relief (ECF No. 1). Petitioner filed a response (ECF No. 5) to the Court's December 5, 2024 Order that this case be referred to the Magistrate Judge for all pretrial matters (ECF No. 4). In that response, Petitioner states he does "not wish to have the Magistrate Judge to hear and determine pretrial matters" and he "ask[s] to have the District Judge to do all pretrial matters." Pet'r's Resp., ECF No. 5.

Federal law permits a District Judge to "designate a magistrate judge to hear and determine any pretrial matter pending before the court" and to issue a report and recommendation on any dispositive matters. *See* 28 U.S.C. § 636(b)(1). A District Judge's referral to a Magistrate Judge under § 636(b)(1) to handle non-dispositive pretrial matters and for recommendations on dispositive pretrial matters does not require the parties' consent. *See Roell v. Withrow*, 538 U.S. 580, 585 (2003) (explaining that § 636(b)(1) allows the district judge to refer pretrial matters to a

magistrate judge without the parties' consent, leaving "the district court free to do as it sees fit with the magistrate judge's recommendations" as to dispositive matters); *Jeffrey S. ex rel. Ernest S. v. State Bd. of Educ. of State of Ga.*, 896 F.2d 507, 511–12 (11th Cir. 1990) (explaining that the parties' consent was not required for a district judge to refer a pretrial motion to the magistrate judge pursuant to § 636, and rejecting the party's consent argument because the magistrate judge "did not enter judgment in the case").[1]

Additionally, this Court's Local Rule 72.1(3) gives the United States Magistrate Judges the authority to conduct proceedings and to issue recommendations in "[a]ll applications for post-trial relief made by individuals convicted of criminal offenses, including, but not limited to, motions for writs of habeas corpus under 28 U.S.C. § 2241 *et. seq.*, § 2254, and § 2255[.]" This case is one brought by a prisoner seeking post-conviction relief under 28 U.S.C. §2254. *See* Pet. for Habeas Corpus, ECF No. 1. Put simply, the District Judge assigned to this case has full legal authority to refer Petitioner's habeas application to the Magistrate Judge for pretrial matters and does not require Petitioner's consent to do so. Therefore, Petitioner's notice objecting to the referral of this case to a Magistrate Judge and requesting that the District Judge conduct all pre-trial proceedings in this matter (ECF No. 5) is **DENIED**.[2]

---

[1]  *Cf.* 28 U.S.C. § 636(c)(1) (permitting parties to consent to allowing a Magistrate Judge to "conduct any or all proceedings in a jury or nonjury civil matter and to order the entry of judgment in the case").

[2]  Once a Magistrate Judge provides the District Judge with a report and recommendation regarding any dispositive pretrial issues, the parties have fourteen days to provide written objections to those proposed findings and recommendations. 28 U.S.C. § 636(b)(1). The district judge will then conduct

Petitioner also filed a motion to proceed *in forma pauperis* ("IFP") (ECF No. 3). A prisoner seeking leave to proceed IFP must submit (1) an affidavit in support of his claim of indigence and (2) "a certified copy of [his] trust fund account statement (or institutional equivalent) . . . for the 6-month period immediately preceding the filing of the complaint[.]" 28 U.S.C. § 1915(a)(1)-(2). Here, Petitioner failed to provide a certified copy of his inmate trust account for the preceding six months. Therefore, Petitioner shall have **FOURTEEN (14) DAYS** from the date shown on this Order to pay the $5.00 filing fee, or if indigent, file a certified account statement for the preceding six months that has been signed by a corrections official. Petitioner shall also keep the Court advised of any change of address. **Failure to fully and timely comply with this Order may result in the dismissal of Petitioner's application.**

The **CLERK** is **DIRECTED** to forward an account certification form to Petitioner along with his service copy of this Order (with the case number showing on both). There will be no service of process in this case until further order of the Court.

**SO ORDERED**, this 14th day of January, 2025.

      s/ *Amelia G. Helmick*
UNITED STATES MAGISTRATE JUDGE

---

a review of the report and recommendation and any objections to that report and recommendation and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.* Petitioner will thus have an opportunity to be heard by a district judge in this case on dispositive issues.