# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| ROLAND RAY,<br><br>　　*Petitioner*,<br><br>v.<br><br>Warden VICTORIA STEWART,<br><br>　　*Respondent*. | **CIVIL ACTION NO.**<br>**5:24-cv-00447-TES-CHW** |

# ORDER

After reviewing the United States Magistrate Judge's Report and Recommendation ("R&R") [Doc. 20] for clear error, the Court adopted the R&R and dismissed the above-captioned habeas action with prejudice as untimely. [Doc. 21, p. 1 (citing 28 U.S.C. § 636(b)(1)(A))]. The Clerk of Court subsequently entered Judgment [Doc. 22]. The following day, however, the Court received Petitioner Roland Ray's Objection [Doc. 23] to the R&R. Given the timeliness[1] of Petitioner's Objection, the Court **VACATES** the Judgment and its previous Order [Doc. 21] adopting the Magistrate Judge's R&R. *See* [Doc. 20, p. 5 (R&R filed December 30, 2025)]; *in connection with* [Doc. 23, p. 4 (Objection signed January 9, 2026)].

---

[1] "Under the 'prison mailbox rule,' a pro se prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing." *Daker v. Comm'r, Ga. Dep't of Corr.*, 820 F.3d 1278, 1286 (11th Cir. 2016) (quoting *Williams v. McNeil*, 557 F.3d 1287, 1290 n.2 (11th Cir. 2009)). "Absent evidence to the contrary," we "assume that [the prisoner's filing] was delivered to prison authorities the day he signed it." *Daker*, 820 F.3d at 1286 (quoting *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001)).

The Court has considered the arguments in Petitioner's Objection. However, his arguments based on the Georgia Supreme Court's statewide judicial emergency order in response to COVID-19 do not convince the Court that the Magistrate Judge's recommendation regarding the timeliness of the instant habeas petition is incorrect. [Doc. 23, pp. 2–3]; [Doc. 23-2, p. 1]. The Georgia Supreme Court's tolling and extension of deadlines pertained to deadlines and statute of limitations periods for issues concerning *state* law. The Antiterrorism and Effective Death Penalty Act ("AEDPA") is a *federal* statute passed by Congress. As such, the Georgia Supreme Court cannot toll the one-year limitations period for a § 2254 petition.[2] *See* 28 U.S.C. § 2244(d)(1).

---

[2] Even if the Georgia Supreme Court could extend a deadline imposed by Congress, that court's statewide judicial emergency order does not make Petitioner's federal habeas action timely. On March 14, 2020, then-Georgia Supreme Court Chief Justice Harold Melton "issued an order declaring a statewide judicial emergency." *See Copeland v. Copeland*, 863 S.E.2d 509, 511 n.3 (Ga. Ct. App. 2021). "Among other things, the judicial emergency declaration suspended, tolled, extended and otherwise granted relief from any deadlines or time schedules in civil and criminal cases." *Id.* "[E]ffective July 14, 2020," the Georgia Supreme Court stated that "[t]he 122 days between March 14 and July 14, 2020, or any portion of that period in which a statute of limitation would have run, shall be excluded from the calculation of that statute of limitation." *State v. Jones*, 902 S.E.2d 210, 211 (Ga. Ct. App. 2024).

Here, Petitioner's convictions from the Superior Court of Bibb County, Georgia, became final on June 22, 2020. [Doc. 20, p. 3]. June 22, 2020, is within the relevant 122-day tolling period. *See Jones*, 902 S.E.2d at 211. The time between June 22, 2020, until July 14, 2020, is 22 days. So, assuming the statewide tolling period is even "equitably" available to Petitioner, the Georgia Supreme Court's judicial emergency order could add only 22 days to his filing deadline for this federal habeas action. With Petitioner's convictions becoming final on June 22, 2020, and with him commencing his state habeas petition on January 4, 2021, 196 days had elapsed from the AEDPA's one-year limitations period. 28 U.S.C. § 2244(d)(1)(A); [Doc. 20, p. 3]. Then, when the Georgia Supreme Court issued its remittitur for Petitioner's state habeas action on December 4, 2023, thereby restarting the remainder of the AEDPA clock, he had 169 days (until May 21, 2024) to commence his federal habeas action. [Doc. 20, p. 3]. Even if the Georgia Supreme Court's judicial emergency order could add 22 days to the 169 days that remained under the AEDPA, Petitioner had until June 12, 2024, to file this federal habeas action. He didn't commence it until November 1, 2024. *See* [Doc. 1, p. 15], *in connection with* n.1, *supra*. So, even if the Georgia Supreme Court could effectively amend the AEDPA and extend Petitioner's filing deadline for this federal habeas action, it would still be untimely.

Thus, the Magistrate Judge correctly concluded that following the Georgia Supreme Court's remittitur, the remaining time "for Petitioner to file a federal habeas petition" was 169 days since the suspension of state statutes of limitations ordered by the Georgia Supreme Court had zero effect on the federal time limitations Congress set under the AEDPA. *See* [Doc. 20, p. 3]. Petitioner needed to commence this § 2254 habeas action by May 21, 2024, but he didn't do so until November 1, 2024, so it is untimely. [Doc. 20, p. 3]; *see also* [Doc. 1, p. 15], *in connection with* n.1, *supra*.

Accordingly, after a de novo review of the record, 28 U.S.C. § 636(b)(1)(C), the Court **ADOPTS** the United States Magistrate Judge's Report and Recommendation [Doc. 20] and **GRANTS** Respondent's Motion to Dismiss [Doc. 15]. The Court **DISMISSES** the above-referenced Petition [Doc. 1] **with prejudice** as untimely and **DENIES** Petitioner a Certificate of Appealability.[3] 28 U.S.C. § 2253(c)(2); *see Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000). The Court **DIRECTS** the Clerk of Court to re-enter judgment dismissing this action.

**SO ORDERED**, this 22nd day of January, 2026.

S/ Tilman E. Self, III
**TILMAN E. SELF, III**
**UNITED STATES DISTRICT JUDGE**

---

[3] When district courts deny a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim,
> a certificate of appealability should issue only when the prisoner shows both that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Jimenez v. Quarterman*, 555 U.S. 113, 118 n.3 (2009) (emphasis in original) (citation omitted)